**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MARY ROGERS,**

    **Plaintiff,**

    **v.**

**WYANDOT CENTER FOR COMMUNITY
BEHAVIORAL HEALTHCARE, INC.,**

    **Defendant.**

**Case No. 14-2640-JAR-GEB**

**MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 13) pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Mary Rogers's Complaint alleges racial discrimination and hostile work environment in violation of Title VII of the Civil Rights Act of 1964.[1] The motion asks the Court to dismiss Count One: Race Discrimination and Count Two: Hostile Work Environment. The motion is fully briefed and the Court is prepared to rule. As explained more fully below, the Court denies Defendant's motion.

**I.     Standard**

Fed. R. Civ. P. 8(a) states that in any pleading that sets forth a claim for relief, a party must provide "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, . . . ."[2] To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must present "enough facts to state a claim to

---

[1] 42 U.S.C. § 2000e-2(a)(1).

[2] Fed. R. Civ. P. 8(a).

relief that is plausible on its face."[3] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[4] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[5] "'[P]lausibility in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[6] The "nature and specificity of the allegations required to state a plausible claim will vary based on context."[7]

In ruling on a 12(b)(6) motion, the court assumes as true all well pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff, and makes all reasonable inferences in favor of plaintiff.[8] The court need not accept as true those allegations that state only legal conclusions.[9] A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[10] A plaintiff need not "set forth a prima facie case for each element" to successfully plead a claim.[11] Although plaintiff need not precisely state each element of her

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted) (discussing *Twombly*, 550 U.S. at 570).

[5] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

[6] *Id.*

[7] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)).

[8] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[9] *Khalik*, 671 F.3d at 1190; *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient").

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Khalik*, 671 F.3d at 1193.

claims, she must plead minimal factual allegations on those material elements that must be proved.[12]

## II. Background

The following facts are set out in Plaintiff's Amended Complaint and for the purposes of this motion are assumed to be true: Plaintiff, who is African American, is currently employed by Defendant Wyandot Center for Community Behavioral Healthcare, Inc. ("Wyandot Center"). She is a Support Services Provider at the Wyandot Center's Crisis Stabilization House/Respite House ("Respite House") and has been working there since about June 2010. Plaintiff has received adequate performance reviews and evaluations throughout her tenure.

The Respite House is a facility where elderly patients are cared for. The facility is laid out so that there are two sides; Side A and Side B. Plaintiff works primarily on Side A. In between the two sides, there is a kitchen. This action arises out of interactions between Plaintiff and a patient ("Patient A") at the Wyandot Center.[13]

Patient A became a patient at Respite House on August 29, 2014. His room was on Side B. Plaintiff had little contact with the Patient A at first. But, on September 2, 2014, a coworker mentioned to Plaintiff that Patient A paid compliments to the female workers and paid special attention to Plaintiff, staring as if fantasizing about her sexually. The next day, which was a Wednesday, Plaintiff was washing dishes in the kitchen when Patient A crossed over to Side A and began staring at Plaintiff. She told him to go back to the other side, but he did not do so. Instead, he began grabbing his privates. Plaintiff told a coworker to remove him. While the coworker was finishing her dishes on Side B, Patient A pulled his penis out of his pants and began to masturbate. Plaintiff screamed for help. Her coworker laughed. Plaintiff attempted to

---

[12] *See Hall*, 935 F.2d at 1113–14.

[13] The patient is not identified in Plaintiff's pleadings and is identified by Defendant only as "Patient A."

call for help on the Respite House phone, but it was in use, so Plaintiff used her cellphone to call the assistant manager. While she was on her cellphone, her coworker informed the manager of the incident. The manager took the patient outside and told him to "leave the pretty female staff alone."[14]

On or about the same day, Plaintiff's supervisor asked her to work a weekend shift on Side A, her normal side, the opposite side where Patient A resided. She agreed. The next day, Plaintiff saw Patient A staring at her through a window. She alleges that the staff on Side B felt that he was a threat and refused to be alone in a room with him. On Friday, all male patients, including Patient A, were transferred from Side B to Side A. Plaintiff and another worker protested the move. Plaintiff told the other worker that she was a rape victim and did not want to be near Patient A. The worker twice informed the manager of these facts, to which the manager stood firm on her decision to move the patients, including Patient A, and stated "[a]ll patients of the Respite [H]ouse have mental issues; so you have to work through it."[15] Plaintiff complained over the phone to the assistant manager and informed him that she was a rape victim. The assistant manager then spoke to the manager about transferring the patient. The manager allegedly responded that she did not believe Plaintiff's story about being a rape victim. Plaintiff allegedly spent the entire shift in fear of her safety.

On Saturday, Plaintiff worked another shift. She took steps to limit her exposure to Patient A, including working behind a locked door and asking for help from the rest of the staff. Patient A nevertheless followed her and stared at her through a window. She could see him touching himself and making gestures. The following day, Plaintiff snuck into work so that Patient A would not see her and remained hidden from him the entire shift.

---

[14] Doc. 12 ¶ 17.

[15] *Id.* ¶ 21.

4

Patient A was discharged on Monday, September 8, 2014, four days after the alleged incident. Plaintiff alleges that white employees have complained about the behavior of other patients, and management's response was to have those patients immediately removed from the facility. Plaintiff further claims that as a result of these events, she has been forced to work in a hostile work environment.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 22, 2014, alleging racial and sexual harassment. On September 25, the EEOC issued Plaintiff a Notice of Right to Sue letter. Plaintiff filed her Complaint on December 23, 2014, and amended the Complaint on March 23, 2015.

### III.    Discussion

Plaintiff can prove a violation of Title VII either through direct evidence of discrimination or by adhering to the burden-shifting framework of *McDonnell Douglas Corp. v. Green*.[16] Under this framework, the plaintiff initially bears the burden of production to establish a prima facie case of discrimination or retaliation.[17] The burden of establishing the prima facie case is "not onerous."[18] If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a facially nondiscriminatory reason for its actions.[19] If the defendant articulates a legitimate nondiscriminatory reason, the burden returns to the plaintiff to present evidence from which a jury might conclude that the defendant's proffered reason is pretextual,

---

[16] 411 U.S. 792, 802-05 (1973); *see, e.g.*, *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011).

[17] 411 U.S. at 802.

[18] *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

[19] *Id.*; *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1113 (10th Cir. 2007).

5

that is, "unworthy of belief."[20]  Despite the shifting framework, the ultimate burden of persuasion remains with the plaintiff.[21]

Here, Defendant contends that Plaintiff has not pleaded enough facts to establish a prima facie case on either count.  Specifically, Defendant contends that, on Count One, Plaintiff has failed to establish the necessary elements that she suffered an adverse employment action and that she was treated less favorably than others not in the protected class.  On Count Two, Defendant argues that Plaintiff has failed to allege enough facts either to establish a hostile work environment, or to establish the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment.  Plaintiff responds by asserting that by asserting that she has pleaded enough facts to establish a prima facie case on both counts.

These arguments are premature at this stage of the litigation.  *McDonnell Douglas* is an evidentiary standard, not a pleading standard.[22]  Plaintiff need not have "adequately alleged a prima facie case" or "circumstances that support an inference of discrimination" in order to survive a motion to dismiss.[23]  In employment discrimination cases, Plaintiff  "must satisfy only the simple requirements of Rule 8(a)."[24]  Therefore, the Complaint must provide "fair notice of

---

[20] *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998) (quoting *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995)).

[21] *Richardson v. Blue Cross/Blue Shield of Kan., Inc.*, 196 F. Supp. 2d 1174, 1181 (D. Kan. 2002) (citing *Wright v. State Farm Mut. Auto. Ins. Co.*, 911 F. Supp. 1364, 1372 (D. Kan. 1995), *aff'd* 94 F.3d 657 (10th Cir. 1996) (Table)). .

[22] *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510–11 (2002) ("The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement. . . . This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.").

[23] *Id.* at 509.

[24] *Id.* at 513.

the basis for [plaintiff's] claims,"[25] as that standard was further revised in *Twombly*.[26] It is therefore unnecessary to establish a prima facie case of discrimination at the pleadings stage.

Defendant relies heavily on *Khalik v. United Air Lines* where the Tenth Circuit upheld a district court's ruling to dismiss a discrimination claim pursuant to Rule 12(b)(6).[27] The plaintiff there failed to provide context for her claims, such as when she complained about the discrimination or to whom, facts showing similarly situated employees were treated differently, or facts relating to the actual discrimination.[28] The court there determined that the plaintiff's complaint provided "nothing other than sheer speculation" to link the actions of the defendant to any discriminatory motive.[29] After striking the plaintiff's conclusory allegations, the court found that the plaintiff did not allege sufficient facts to give rise to a claim of discrimination.[30] Defendant urges that in this case, as in *Khalik*, Plaintiff presents "no actual 'facts' which, if true, could establish a prima facie case . . . ."[31]

Defendant's argument overstates the requirements of *Khalik*. The court there stated, as this Court echoes above, a plaintiff need not establish a prima facie case with her pleadings; she need merely plead facts that provide a defendant with fair notice of the basis of a plausible claim.[32] Here, Plaintiff has alleged much more detailed facts to support her discrimination claims as compared to the facts alleged in *Khalik*. Plaintiff's Complaint includes to whom she complained about Patient A, how her supervisors responded, and how supervisors treated other

---

[25] *Id.* at 514.

[26] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007).

[27] 671 F.3d 1188, 1189 (10th Cir. 2012).

[28] *Id.* at 1194.

[29] *Id.*

[30] *Id.*

[31] Doc. 14, at 6.

[32] *See Khalik*, 671 F.3d at 1192-93.

workers outside the protected class when confronted with similar circumstances.  Defendant's contention that there is no link between the factual allegations and discriminatory intent is incorrect.  The pleading of disparate treatment of Plaintiff as opposed to other workers outside the protected class links the factual allegations to the alleged discrimination and gives Defendant notice as to how Plaintiff intends to prove discrimination.  Although proving discriminatory intent through circumstantial evidence may prove difficult, this is no reason to dismiss a well-pleaded complaint.[33]

Here, Plaintiff has satisfied the requirements of Rule 8(a).  Plaintiff is a member of the protected class in that she is an African American.  She regularly received good performance reviews.  The Complaint alleges that Defendant permitted a threatening patient to remain at the facility and, in fact, exasperated the problem by moving all male patients to the side where Plaintiff worked.  Defendant responded differently to similar situations involving white employees.  These factual allegations give Defendant notice as to the plausible claims it is facing.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 13) is **denied**.

**IT IS SO ORDERED.**

Dated: <u>August 28, 2015</u>

                 S/ Julie A. Robinson
                 JULIE A. ROBINSON
                 UNITED STATES DISTRICT JUDGE

---

[33] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (stating that a judge "may not dismiss on the ground that it appears unlikely the allegations can be proven.")